

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2005

# Breighner v. Chesney

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1673

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Breighner v. Chesney" (2005). *2005 Decisions.* Paper 128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1673

DARRELL WAYNE BREIGHNER,

Appellant

v.

JOSEPH CHESNEY, SCI-Retreat;
COMMISSIONER, DEPARTMENT OF CORRECTIONS;
DISTRICT ATTORNEY OF DAUPHIN COUNTY;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No.02-cv-01832)
District Judge: Honorable Christopher C. Conner

Argued on March 8, 2005

BEFORE: SCIRICA, <u>Chief Judge</u>, ROTH AND FUENTES, <u>Circuit Judges</u>

(Filed: December 12, 2005  )

Robert N. Tarman, Esquire (Argued)
106 Walnut Street
Harrisburg, PA 17101

<u>Counsel for Appellant</u>

James P. Barker, Esquire (Argued)
Office of District Attorney
Front & Market Streets
Dauphin County Courthouse
Harrisburg, PA 17101

Counsel for Appellees

---

OPINION

---

**ROTH**, Circuit Judge:

Darrell Breighner appeals the judgment of the District Court, denying his petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons stated below, we will affirm the judgment of the District Court.

## I.       Facts

Because we write only for the parties, we recount only the relevant facts. On January 2, 1999, at approximately 7:00 p.m., the rental offices of Briarcrest Garden apartment homes were burglarized and set on fire. Investigators determined that the perpetrator must have been someone with access to the office and an inside knowledge of the office policies because there was no sign of forced entry and the burglary occurred around the first of the month, when the monthly rental checks would have been stored in the office. Also, the accellerant used to fuel the fire was a furniture polish routinely used by and stored in the apartment complex. Two separate witnesses reported seeing a red pick-up truck parked in front of the office during the time leading up to the fire, and

2

witnesses also reported seeing the truck driving away from the office at a high rate of speed.

Police eventually focused their suspicion on Breighner, who was a maintenance worker for the apartment complex and drove a red truck owned by the apartment complex. During routine questioning, Breighner admitted to an officer that he was in possession of the red maintenance truck the entire day of the fire. In a subsequent conversation, Breighner changed his story after the officer informed him that a red truck was witnessed in front of the office shortly before the fire. When pressed about the sudden change in his story, Breighner became defensive and angry. Breighner also made several statements to the officer about various expenses associated with his girlfriend's pregnancy and the need for additional money to meet his other child support obligations.

Prosecutors eventually charged Breighner with several counts of arson and burglary, using circumstantial evidence to connect him to the crime. Breighner argued that there was insufficient evidence to prove beyond a reasonable doubt that he committed the crime. After several days of trial in the Dauphin County, Pennsylvania, Court of Common Pleas, the jury returned a guilty verdict on the arson and burglary charges. In a supporting opinion, the trial court reviewed the circumstantial evidence and found Breighner's insufficient evidence argument to be without merit. On appeal, the Superior Court affirmed the trial court's verdict and indicated that a conviction for arson could be based solely on circumstantial evidence. Breighner then filed a habeas petition under 28

U.S.C. § 2254(d), essentially asserting that there was a lack of evidence to connect him to the crime. After the District Court denied his petition, we granted him a certificate of appealability.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over Breighner's habeas corpus petition pursuant to 28 U.S.C. § 2254. We have jurisdiction over the appeal by virtue of our grant of a certificate of appealabilitiy and 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions in a habeas proceeding, and apply a clearly erroneous standard to factual findings in dispute. Werts v. Vaughn, 228 F.3d 178, 191 (3d Cir. 2000).

## III. Discussion

Breighner contends that the record evidence is not sufficient to convict him. His first argument is that, pursuant to 28 U.S.C. § 2254(d)(1), the District Court erred by not finding that the Superior Court incorrectly applied federal law as decided by the Supreme Court. Breighner argues that the law established by the Supreme Court, which the District Court should have applied, is correctly stated in Jackson v. Virginia: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979).

Breighner asserts that the only evidence connecting him to the crime is

circumstantial evidence, and thus it is not enough evidence to convince a rational trier of fact beyond a reasonable doubt that Breighner was guilty of the crimes with which he was charged. However, as the Court later explained in <u>Jackson</u>, circumstantial evidence by itself may suffice for a finding of guilt beyond a reasonable doubt. <u>Id.</u> at 324-325. In the present case, as set out above, there is plenty of circumstantial evidence connecting Breighner to the crime. When evaluated as a whole, it is reasonable that a jury could find Breighner guilty based on the record evidence, and thus it would meet the Supreme Court standard enunciated in <u>Jackson</u>. Thus, the Superior Court's decision was not contrary to, or involving an unreasonable application of federal law, and the District Court committed no error in finding that the Superior Court's decision was correct. <u>Id.</u>

Breighner's second argument is that under 28 U.S.C. § 2254(d)(2), the District Court erred in determining that the Superior Court's decision was reasonable in light of the facts presented in the case. In his brief, Breighner attempts to cast doubt on the credibility of the witnesses by highlighting a supposed discrepancy in their testimony. However, despite the question of how much time it may have taken a witness to walk from her apartment to a video store and back, when viewed in light of all the evidence stated above, the state court's decision was not an unreasonable determination of facts, and habeas relief under 28 U.S.C. 2254(d)(2) was not warranted.

**IV.    Conclusion**

For the reasons state above, we will affirm the judgment of the District Court.